Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00084-CR 

                                                    __________

 

                                      ALBERT JIMENEZ, Appellant,

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the106th District Court

 

                                                         Gaines
County, Texas

 

                                                  Trial
Court Cause No. 06-3652

 



 

                                              M
E M O R A N D U M   O P I N I O N

Albert
Jimenez was indicted for evading arrest with a vehicle.  The jury found Jimenez
guilty, found that he used a deadly weapon, found both enhancement allegations
to be true, and assessed his punishment at confinement for ninety-nine years. 
We affirm. 

                                                             I. 
Background Facts








While
driving to Hobbs, New Mexico, Ernest Barrientez noticed another vehicle
swerving into oncoming traffic.  Barrientez called the police, and Lea County
Deputy Sheriff Rod Coffman[1] responded. 
Deputy Coffman stopped the vehicle, and identified Jimenez as the driver of the
vehicle.  Lea County Deputy Sheriff Jeff Dyer then arrived at the scene.  While
the officers discussed the stop, Jimenez fled in his vehicle.  The officers
pursued, and the ensuing chase continued through Lea County to Yoakum County
and, finally, Gaines County.  There, DPS Troopers spiked Jimenez=s vehicle, and he crashed
into a utility pole.

                                                                       II. 
Issues

Jimenez
challenges his conviction with a single issue, contending that the trial court
erred when it refused to add Ain
Gaines County@ to the
deadly weapon jury issue.

                                                        III. 
Analysis

The
trial court=s charge
asked the jury:

Do
you the Jury find beyond a reasonable doubt that the Defendant used a deadly
weapon, to-wit, a motor vehicle, during the commission of the felony offense of
Evading Arrest on or about the 29th day of October, 2005?

 

Jimenez timely
objected to this charge, contending the jury should be asked if Jimenez used a
deadly weapon in Gaines County rather than simply if he used a deadly weapon. 
Jimenez acknowledges that venue was proper in Gaines County and that the State
was entitled to introduce evidence of his actions in New Mexico and Yoakum
County to establish that he was guilty of evading arrest.  He contends,
however, that the jury should have been restricted to considering only evidence
arising out of Gaines County when determining whether he used a deadly weapon.








We
need not decide whether Jimenez is entitled to his requested venue restriction
because there was ample evidence that he used his vehicle as a deadly weapon in
Gaines County.  The State called DPS Trooper Joseph Guy Kinman.  Trooper Kinman
testified that he was on duty in Gaines County on October 29, 2005.  He was
dispatched to participate in a pursuit that had initiated in Lea County and was
headed his direction.  He deployed spike strips at a location in Gaines
County.  Jimenez=s car
hit the spike strips but did not stop.  Trooper Kinman joined the pursuit. 
Jimenez=s vehicle
veered off the road and struck a utility pole. The utility pole was twelve
inches in diameter, and Jimenez struck it with sufficient force to shear it
off.  Jimenez was taken to the hospital.  Trooper Kinman went to the hospital
and interviewed Jimenez.  Jimenez told him that he had intentionally struck the
pole.  Trooper Kinman testified that Jimenez=s
vehicle was Aa pretty
good-sized truck@ and
that it was capable of causing death or serious bodily injury B especially considering the
fact that Jimenez was drunk,[2] that he was
driving seventy miles per hour, and that officers like himself were on the side
of the road.

Furthermore,
we note that the trial court=s
charge required the jury to find that Jimenez evaded arrest in Gaines County
and that the court instructed the jury:

Now,
if you have found the Defendant guilty of the felony offense of Evading Arrest
alleged to have been committed on or about the 29th day of October, 2005, you
must determine beyond a reasonable doubt whether or not the Defendant used a
deadly weapon, to-wit, a motor vehicle, during the commission of the offense.

 

Because the jury
was instructed to consider whether Jimenez used a deadly weapon during the
commission Aof the
offense@ and because
that offense was defined as actions occurring in Gaines County,[3]
if the instruction did not limit the jury=s
consideration to activities occurring within Gaines County, it did not leave
the jury free to make a deadly weapon finding solely on the basis of activities
occurring outside Gaines County.  We overrule appellant=s issue on appeal. 

                                                        IV. 
Holding 

 The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

April 16, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.









     [1]Although Coffman is
currently serving as Sheriff of Lea County, he was Deputy Sheriff at the time
of the offense.





     [2]Jimenez was
separately charged with, and convicted of, felony DWI.  We have affirmed that
conviction.  See Jimenez v. State, No. 11-08-00083-CR (Tex. App.CEastland April 16, 2009).





     [3]The court
instructed the jury: 

 

Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that the defendant, Albert Jimenez, on or
about the 29th day of October, 2005, in the County of Gaines and State of
Texas, did then and there, while using a vehicle, flee from Joseph Kinman, a
person the said Albert Jimenez knew was a peace officer who was attempting
lawfully to arrest or detain the said Albert Jimenez, or if you believe
from the evidence beyond a reasonable doubt, that the defendant, Albert
Jimenez, on or about the 29th day of October, 2005, in the County of Gaines and
State of Texas, did then and there, while using a vehicle, flee from Florencio
Regino, a person the said Albert Jimenez knew was a peace officer who was
attempting lawfully to arrest or detain the said Albert Jimenez, . . . [the
charge named three additional officers] then you will find the Defendant guilty
of Evading Arrest, as charged in the indictment.